UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

BETTY BOLLING, individually and on behalf of all others similarly situated,

         Plaintiff,

v.

BOBS DISCOUNT FURNITURE, LLC,

         Defendant.

**MEMORANDUM AND ORDER ADOPTING REPORT AND RECOMMENDATION**

22-cv-6312 (LDH) (JMW)

---

LASHANN DEARCY HALL, United States District Judge:

  Betty Bolling, individually and on behalf of all others similarly situated ("Plaintiff") commenced this action against Bobs Discount Furniture, LLC ("Defendant"), alleging violations of New York General Business Law §§ 349 and 350, the Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*, state consumer fraud acts, and breaches of warranties. Defendant moves to compel arbitration and stay this proceeding. (Mot. to Compel, ECF No. 12.)

## BACKGROUND

  On February 24, 2022, Plaintiff purchased a sofa and accompanying "Goof Proof" protection plan from Defendant's website. (Compl. ¶ 26, ECF No. 1.) That August, Plaintiff submitted a claim for her sofa under the protection plan because a cushion had suffered an accidental tear. (*Id.* ¶ 27.) Defendant denied the claim, stating the protection plan does not cover "[s]eam separation, stress tears." (*Id.* ¶ 28.) Plaintiff contends the tear should be classified under "[a]ccidental rips, cuts and punctures," which the protection plan expressly covers. (*Id.* ¶¶ 28–29.) Accordingly, Plaintiff brought this putative class action, alleging that Defendant denies claims brought under the "Goof Proof" protection plan "based on customer misuse, even where that misuse may have occurred unintentionally, and is unexpected or unforeseen, which is the definition of an accident." (*Id.* ¶ 8.) In addition, Plaintiff claims the "lengthy list" of exclusions

1

under the protection plan "is only disclosed to consumers after purchasing Goof Proof, when they receive the full agreement by mail or email." (*Id.* ¶ 12.) On August 16, 2023, Defendant filed a motion to compel arbitration and stay this proceeding, which the Court referred to Magistrate Judge James M. Wicks.

On November 29, 2023, Judge Wicks issued a report and recommendation (the "R&R") recommending that the motion to compel be granted. (ECF No. 18.) The terms and conditions of the Goof Proof contract includes an arbitration clause that reads in relevant part:

> **ARBITRATION**: If We cannot resolve any disputes with You related to the Plan, including claims, **YOU AND WE AGREE TO RESOLVE THOSE DISPUTES THROUGH BINDING ARBITRATION OR SMALL CLAIMS COURT INSTEAD OF THROUGH COURTS OF GENERAL JURISDICTION. FURTHER, YOU AND WE AGREE TO WAIVE OUR RIGHTS TO A TRIAL BY JURY AND NOT TO PARTICIPATE IN ANY CLASS ARBITRATIONS OR CLASS ACTIONS**. This Plan is evidence of a transaction in interstate commerce and the Federal Arbitration Act applies to and governs the enforcement of any arbitration hereunder. The provisions of this Arbitration section shall survive the termination of this Plan. **YOU AND WE UNDERSTAND AND AGREE THAT, BECAUSE OF THIS PROVISION, NEITHER YOU NOR WE WILL HAVE THE RIGHT TO GO TO COURT EXCEPT AS PROVIDED ABOVE OR TO HAVE A JURY TRIAL OR TO PARTICIPATE AS ANY MEMBER OF A CLASS OF CLAIMANTS PERTAINING TO ANY CLAIM**.

(R&R at 4.) And once users purchase the "Goof Proof" protection plan, they are emailed the following clause regarding compulsory arbitration and waiver of class actions:

> Any controversy or claim between you and Bob's arising out of, or relating to, this agreement or any products or services purchased from Bob's *shall* be resolved by arbitration administered by the American Arbitration Association pursuant to its Consumer Arbitration Rules, and judgment on the award rendered by the arbitrator may be entered in any court having jurisdiction thereof. You agree to waive your right to have a judge or jury decide your claim. You and Bob's further agree to bring any claim on an individual basis only. Neither you nor Bob's will serve as a class representative, join as a class member, or otherwise participate as a plaintiff in any class, mass, consolidated, or private attorney general action or arbitration.

2

(*Id.*)  Judge Wicks found that prior to purchasing the "Goof Proof" protection plan, customers are "permitted," but not required, to review the terms and conditions in the "Goof Proof" contract.  (*Id.* at 3.)  Accordingly, Judge Wicks concluded that the arbitration clause created a binding agreement to arbitrate because Plaintiff had adequate notice of its terms, the terms were reasonably conspicuous, and Plaintiff manifested assent by having access to the terms but nonetheless completing the transaction.  (*Id.* at 8–17.)  In so finding, Judge Wicks rejected Plaintiff's argument that the terms failed to incorporate by reference the arbitration agreement, because the "Goof Proof" contract and sales receipt already had their own arbitration provisions.  (*Id.* at 17–18.)  Judge Wicks next rejected the argument that the arbitration agreement was unconscionable, finding that Plaintiff failed to present facts indicating she was incapable of understanding the terms, and that she assented to them online outside the presence of any pressuring employees.  (*Id.* at 19–20.)  Finally, Judge Wicks found the present dispute to fall within the arbitration provision.  (*Id.* at 21.)  Plaintiff timely objected on December 13, 2023.  (Pl.'s Objs. To R&R ("Pl.'s Objs."), ECF No. 19.)

## STANDARD OF REVIEW

When deciding whether to adopt a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  The Court conducts a *de novo* review of those portions of a report and recommendation to which a party submits a timely objection.  *Id.*  Where there are no objections to portions of the report, the district court "'need only satisfy itself that there is no clear error on the face of the record.'"  *Estate of Ellington ex rel. Ellington v. Harbrew Imports Ltd.*, 812 F. Supp. 2d 186, 189 (E.D.N.Y. 2011) (quoting *Urena v. New York*, 160 F. Supp. 2d 606, 609–10 (S.D.N.Y. 2001)).

3

**DISCUSSION**

Plaintiff objects to the R&R finding that Plaintiff was placed on notice of the arbitration agreement and that she manifested assented thereto. (Pl.'s Objs. at 3–7.) The Court disagrees.

As Judge Wicks found, Plaintiff had ample notice of the arbitration provision. (R&R at 10.) Before purchasing the "Goof Proof" protection plan, customers are presented with a table of pricing options that includes—centered and in large font at the bottom of the screen—a hyperlink that reads "See Terms and & Conditions":

**Bob's Goof Proof pricing**
(Amounts based on subtotal)

| Order Subtotal | Goof Proof Fee | | |
|---|---|---|---|
| $0 - $299.99 | $39.99 | $1500 - $1999.99 | $249.99 |
| $300 - $399.99 | $49.99 | $2000 - $2499.99 | $299.99 |
| $400 - $599.99 | $69.99 | $2500 - $2999.99 | $349.99 |
| $600 - $999.99 | $99.99 | $3000 - $4999.99 | $399.99 |
| $1000 - $1299.99 | $149.99 | $5000 - $20000 | $499.99 |
| $1300 - $1499.99 | $199.99 | | |

*All claims must be reported within 30 days of the incident. Some exclusions apply. See protection plan terms and conditions for details. A copy of the plan is available for review at a Bob's store. You'll receive a copy of your protection plan documents via the email address that you provided at the time of purchase. You may also view your documents online by visiting mybobs.com/goofproof and clicking on "File A Goof Claim". If you have any questions, please contact Guardian online or at (800) 538-9500.

** Covered after the manufacturer's warranty has expired. Coverage for motors is limited to a single incident.

Protection plans provided by CNA Warranty Services, Inc. or one of its affiliates and administered by Guardian Protection Products Inc.

Hickory, NC | GuardianProducts.com | LC-GOBSTAUHS99 05/2022

**See Terms & Conditions**

*See* (*id.* at 3.) Though parties are not required to click the hyperlink to proceed, doing so reveals the full terms and conditions. (*Id.* at 3–4.) Because Plaintiff easily could have reviewed the full terms by clicking "See Terms and & Conditions," displayed conspicuously at the bottom of the purchase page, she received sufficient notice of the arbitration clause. *See* (*id.* at 3, 10); *Edmundson v. Klarna, Inc.*, 85 F.4th 695, 707 (2d Cir. 2023) (website provided reasonably conspicuous notice of terms, including mandatory arbitration provision, where the interface was "uncluttered" and provided "only one button to click"). That Plaintiff failed to review the terms does not unbind her from them because, as Judge Wicks found, "[t]he onus was on Plaintiff to review the terms and conditions before purchasing to ensure she agreed with them before completing the transaction." (R&R at 12); *Edmundson*, 85 F.4th at 706 (acknowledging that "a

4

reasonably prudent internet or smartphone user would expect terms of service to be presented when the user has navigated to the" purchase screen and "understand that the terms presented on the interface govern the user's future relationship with" the seller"); *Nicosia v. Amazon.com, Inc.*, No. 14 CV 4513 (SLT) (LB), 2017 WL 10111078, at *10 (E.D.N.Y. Aug. 18, 2017) (purchaser "was not required to click on the hyperlink to the Conditions of Use in order to be bound by the terms contained therein"), *report and recommendation adopted*, 384 F. Supp. 3d 254 (E.D.N.Y. 2019), *aff'd*, 815 F. App'x 612 (2d Cir. 2020).

      Plaintiff also objects to the R&R finding that Plaintiff manifested assent to the "Goof Proof" terms because, according to Plaintiff, she "never actually viewed the terms" and they were not "presented in a clear and conspicuous manner." (Pl.'s Objs. at 5) (internal quotation marks omitted). Here again, the Court disagrees. A company does not need to "explicitly advise the user" that completing a transaction constitutes assent to its terms and conditions. (R&R at 15) (quoting *Edmundson*, 85 F.4th at 708); *see also Abuda v. Strongblock*, No. 22-CV-10869, 2023 WL 6294205, at *5 (S.D.N.Y. Sept. 27, 2023) (noting there is no "requirement that a separate checkbox signifying the customer's separate agreement" be provided). In any event, Plaintiff ratified the arbitration clause here based on her conduct after purchasing the sofa. After discovering the purported defect, Plaintiff never made a product defect claim under the product defect warranty, nor attempted to identify the cause of the seam separation to support her theory that it was an "accidental" tear under the "Goof Proof" policy. (R&R at 15.) Thus, as Judge Wicks found, Plaintiff ratified the terms based on her continued use of the sofa, failure to return the sofa, or otherwise submit a defect claim.[1]

---

[1] Although the Court finds that Plaintiff received notice of the arbitration clause before its purchase, the Court disagrees with the R&R finding that Plaintiff was also placed on notice by receiving an email receipt. After purchasing the sofa, Defendant emailed Plaintiff a receipt that independently contained an arbitration clause. (R&R at 4.) Judge Wicks found that the receipt separately placed Plaintiff on notice of the arbitration clause, citing a

## CONCLUSION

For the foregoing reasons, Magistrate Judge James M. Wicks' R&R is ADOPTED in part, and Defendant's motion to compel is GRANTED.

SO ORDERED.

Dated: Brooklyn, New York  /s/ LDH
March 27, 2024  LaSHANN DeARCY HALL
  United States District Judge

---

similar case where Defendant was found to provide notice based on giving the customer a physical receipt. *See Glover v. Bob's Disc. Furniture, LLC*, 621 F. Supp. 3d 442, 449 (S.D.N.Y. 2022) (stating that notice of the arbitration clause on the sales receipt was "sufficient to alert the customer of the terms present on the reverse"). Here, Plaintiff was provided the receipt through email, rather than being handed a physical receipt like in *Glover*. Though Plaintiff maintains she does not "pore over" each receipt she receives, that does not establish whether Plaintiff actually received and read the receipt. (Pl.'s Mem. at 4.) Accordingly, the Court declines ruling that Plaintiff was placed on notice simply by Defendant having sent her an email that she may or may not have been read. *See Schnabel v. Trilegiant Corp.*, 697 F.3d 110, 126 (2d Cir. 2012) (post-purchase email with arbitration provision "does not without more establish that [plaintiff] should know that the terms disclosed in the email relate to a service in which he [] had previously enrolled and that a failure affirmatively to opt out of the service amounts to assent to those terms"); *Cox v. Spirit Airlines, Inc.*, 341 F.R.D. 349, 361 (E.D.N.Y. 2022), *amended on reconsideration in part*, No. 17-CV-5172(EK)(VMS), 2023 WL 1994201 (E.D.N.Y. Feb. 14, 2023) (post-purchase emails containing baggage fee links "did not, without more, become part of the contract already entered"). Although the Court declines to adopt this portion of the R&R, as discussed above, Plaintiff nonetheless received notice at the time of purchase.